HEALTH CAPITAL CONSULTANTS, L.L.C., Respondent,

v.

Lu–Jean FENG, M.D., Appellant.

No. ED 84589.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 22, 2005.

Peter A. Gianino, Jr., Clayton, MO, for appellant.

Randall David Grady, Clayton, MO, for respondent.

Before: CLIFFORD H. AHRENS, P.J., GLENN A. NORTON, J., and NANNETTE A. BAKER, J.

*ORDER*

PER CURIAM.

Lu–Jean Feng ("Feng") appeals from a Judgment and Order entered in the St. Louis County Associate Circuit Court on

**492**

April 5, 2004 in favor of Health Capital Consultants L.L.C. ("HCC") and against Feng on HCC's claim of breach of contract. Feng raises five points on appeal. First, she alleges that the trial court erred in failing to dismiss the lawsuit in that the court lacked personal jurisdiction over her because she did not have sufficient minimum contacts with Missouri. Feng also alleges that the trial court erred in enforcing the forum selection clause in her contract with HCC because it was unjust and unreasonable. Further, Feng argues that the trial court erred in entering judgment in favor of HCC and against her, because she was not a real party in interest to the HCC agreement in that she did not sign it. Next, Feng argues that the trial court erred in entering judgment in favor of HCC and against her, because the contract with HCC, including the forum selection clause, was extinguished by the court order of the case filed in Cuyahoga County, Ohio ("Ohio Case"), which terminated the appointment of HCC. Lastly, Feng contends that the trial court erred in entering a judgment in favor of HCC because HCC failed to present a submissible case for breach of contract in that HCC failed to prove that it provided any services of value to Feng. We find no error and affirm.

No jurisprudential purpose would be served by a written opinion reciting the detailed facts and restating the principles of law. The parties have been furnished with a memorandum opinion for their information only, which sets forth the facts and reasons for this order.

We affirm the judgment pursuant to Rule 84.16(b).